GLASS *v.* FIRST NATIONAL BANK.

5-2010                                    331 S. W. 2d 861

Opinion delivered February 15, 1960.

*James E. Evans,* for appellant.

*Jameson & Jameson,* for appellee.

SAM ROBINSON, Associate Justice.   Appellee, First National Bank, Fayetteville, filed this suit to recover from appellant, Owen C. Glass, $300 which the bank had paid on a check drawn on the bank by Glass, there being no money in Glass' account at the time the check was cashed.

On the 22nd day of January, 1958, appellant gave a check in the sum of $300 to Lloyd McWater, the check being drawn on the appellee bank.  The check was sent to the bank the next day and payment was refused because of insufficient funds, there being only 42¢ in Glass' account.   Later Glass notified the bank to stop payment on the check.   Glass contends that the stop payment order was given on January 23, 1958, and the bank claims such order was received on February 24, 1958.   In any event, the stop order was made out and put in the files of the bank not later than February 24, 1958.   Nothing further was heard from the check until September 16, 1958.   At

that time McWater, the payee named in the check, appeared at the bank and presented the check for payment. The bank teller, Mr. Leon Campbell, communicated with the bookkeeping department and upon being told the check was good, paid the amount of the check, $300, to McWater. Immediately thereafter employees of the bank discovered that they had made a mistake; that there were no funds in the account of Owen C. Glass. The mistake was due to confusing Owen C. Glass' account with that of another depositor, Orin Glass.

Mr. Everett Skelton, a vice-president of the bank, testified that a charge had been made against the account of appellant Glass which absorbed the 42¢, leaving nothing in that account, and that the account was closed on February 25, 1958. It may be inferred, however, from Mr. Skelton's testimony that he did not mean that the account was closed to the point that it would have been necessary for Glass to make any further arrangements such as signing a signature card or otherwise, before he could deposit money in the bank. It merely appears that there was no money left in the account, but the account still appeared on the books of the bank.

The bank filed this suit in chancery against McWater and appellant Glass, seeking to recover the $300 paid on the check. Both defendants demurred. The McWater demurrer was sustained, but the Glass demurrer was overruled and the case was transferred to circuit court. A trial before a jury resulted in a verdict in favor of the bank against Glass for the amount of the check, $300.

Appellant Glass first argues that his demurrer should have been sustained, but we do not agree. The complaint alleges that Glass drew a check on the bank which was paid by mistake. Certainly under certain circumstances a depositor is liable to the bank for the amount of an overdraft paid for the depositor, and the mere fact that the overdraft was paid by mistake does not as a matter of law preclude the bank from recovering. 7 Am. Jur. 442. But on the other, it cannot be said that the bank is entitled to recover against a depositor in such circumstances merely because a mistake was made.

In some cases the facts may be such that as a matter of law the bank would be entitled to recover from a depositor for whom it had paid an overdraft. In other cases the facts may be such that as a matter of law the bank cannot recover. But here we think it was a question for the jury to determine whether in view of all the facts and circumstances of the case the bank is entitled to recover from Glass. If, in addition to Glass having no funds in the bank—which is not in itself controlling— many banks pay overdrafts for their depositors — and aside from the mistake of confusing the two Glass accounts in the first instance, there are other facts and circumstances from which a jury could reach the conclusion that an ordinarily prudent person would not have cashed the check without at least communicating with Glass, then Glass should not have to stand the loss occasioned by the bank's acting in such an unreasonable and imprudent manner. But, if on the other hand it can be said that in cashing the overdraft, and aside from confusing the two Glass accounts, the bank did nothing other than what an ordinarily prudent person would have done in the circumstances, then Glass, the one who wrote the overdraft in the first instance, ought to have to stand the loss, if any.

There are certain facts favorable to the bank's position. In the first place, Owen C. Glass did have an account at the bank, although there was no money in it at the time the check was cashed. There is nothing to indicate that Glass could not have made a deposit that would have been accepted by the bank at any time without making any further arrangements for opening an account. Next, Glass drew a check on the bank, in which he directed the bank to pay to McWater the $300. In paying McWater the $300 on the check, the bank made a mistake, but by drawing the check in the first place Glass had started the course of events that gave rise to the mistake. Likewise, there are circumstances from which a jury could find that if acting as an ordinarily prudent person in the circumstances the bank would not have cashed the check. The check was dated January 22, 1958. The bank cashed it on September 16, 1958.

At the time the check was cashed it may not have been a negotiable instrument. Ark. Stat. § 68-153 provides: "Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course." In addition, the bank still had the stop order that had been issued in February, and although the bank was not absolutely bound by it, in view of the fact that more than 90 days had expired since it was issued (Ark. Stat. § 67-532), it was something that could be taken into consideration in determining whether there was negligence on the part of the bank that precluded recovery from the depositor.

Over the specific objection of appellant, the court gave instruction No. 6, as follows: "If you find from a preponderance of the evidence that defendant, Owen C. Glass, gave a check for $300.00 payable to Lloyd McWater, drawn on the First National Bank, and that said check was presented to the First National Bank for payment; and if you further find that the First National Bank paid said check, by mistake, and charged same to another account through error, and that Owen C. Glass received $300.00 benefit therefrom, or any benefit therefrom, then you are instructed that the First National Bank should recover from the defendant, Owen C. Glass." Instruction No. 7 is to the same effect.

According to those instructions, the jury was erroneously told that if Glass received any benefit, however small, by reason of the bank's having cashed his check by mistake, then the jury would have to find for the bank. But, as heretofore pointed out, at the time the check was cashed it may not have been a negotiable instrument, and if the jury had found that it was not a negotiable instrument, but that Glass was nevertheless liable to the bank, he would be liable only for the amount he owed the payee, if anything (Ark. Stat. § 68-158). Glass contended that he actually owed the payee nothing; that under agreement with the payee the check was not to be presented

for payment until the happening of a subsequent event and that such an event never occurred.

Reversed and remanded.